**Wolters Kluwer**

CT Corporation
Service of Process Notification
06/07/2024
CT Log Number 546604328

## Service of Process Transmittal Summary

**TO:** Jeffrey Lauderdale
The Lubrizol Corporation
29400 LAKELAND BLVD
WICKLIFFE, OH 44092-2201

**RE:** Process Served in Texas

**FOR:** The Lubrizol Corporation  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: AN QUOC VO // To: The Lubrizol Corporation |
| CASE #: | 1225333 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination |
| PROCESS SERVED ON: | C T Corporation System, Dallas, TX |
| DATE/METHOD OF SERVICE: | By Process Server on 06/07/2024 at 13:34 |
| JURISDICTION SERVED: | Texas |
| ACTION ITEMS: | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Jeffrey Lauderdale  jeffrey.lauderdale@lubrizol.com |
| | Email Notification,  LISA WILLIAMSON  lisa.williamson@lubrizol.com |
| REGISTERED AGENT CONTACT: | C T Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT C**   Page 1 of 1



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jun 7, 2024
**Server Name:** Drop Service

| Entity Served | The Lubrizol Corporation |
|---|---|
| Case Number | 1225333 |
| Jurisdiction | TX |

| Inserts |
|---|
| | |





# OFFICE OF TENESHIA HUDSPETH
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1225333**
Receipt Number:    Date:    Sheriff/Constable Fee:

| | |
|---|---|
| AN QUOC VO | |
| **Plaintiff** | In The County Civil Court at Law No. 4 |
| VS. | 201 Caroline, Suite 540 |
| THE LUBRIZOL CORPORATION | Houston, Houston 77002 |
| **Defendant** | |

## THE STATE OF TEXAS
## ORIGINAL PETITION CITATION

To:   THE LUBRIZOL CORPORATION
      C/O REGISTERED AGENT: C T CORPORATION SYSTEM
      1999 BRYAN ST., STE. 900
      DALLAS, TEXAS 75201-3136

Attached is a copy of petition.
This instrument was filed on the **1st day of April, 2024,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, *you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.* Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 10th day of May, 2024

(Seal)

Teneshia Hudspeth, County Clerk
County Civil Court at Law No. 4
201 Caroline, Suite 300
Harris County, Texas 77002

*Anh T. Nguyen*
Anh T. Nguyen
Deputy County Clerk

Requested   MINH-TAM (TAMMY) TRAN
By:         4900 FOURNACE PLACE #418
            BELLAIRE TX  77401

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock __.M. and executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|---|---|---|---|---|---|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant, being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant, being: _____

_____

_____(Sheriff)
(Authorized Person)                                                                                                                                                 (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

By _____, Deputy
(Notary Public)

_____

**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____.
a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____
_____, at _____ o'clock A.M./P.M., and executed by delivering
to defendant, _____, in person, at _____
in _____, County _____, State of
_____, on _____, at _____ o'clock
A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

_____

Sworn to and subscribed before me,

_____.

_____(Sheriff)
(Constable)
_____, County,

State of _____

By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)

Case 4:24-cv-02459   Document 1-3   Filed on 06/28/24 in TXSD   Page 5 of 12

Harris County - County Civil Court at Law No. 4

4/1/2024 4:40 PM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE NO. 1225333 _____

| | | |
|---|---|---|
| AN QUOC VO, | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | AT LAW NO. ___ |
| | § | |
| THE LUBRIZOL CORPORATION, | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff An Quoc Vo ("Plaintiff") files this Original Petition against Defendant The Lubrizol Corporation ("Lubrizol"), and respectfully shows unto the Court the following:

### I.
### DISCOVERY LEVEL

1. Pursuant to Rule 190 of Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under a Level 2 Discovery Control Plan as defined in Rule 190.3.

### II.
### RELIEF UNDER RULE 47 AND GOVERNMENT CODE
### CHAPTER 25, SECTION 25.003(c)(1)

2. Specifically Plaintiff is seeking relief as follows:

(1) Monetary relief of $250,000.00, excluding interest, exemplary damages, statutory or punitive damages and penalties, and attorney's fees and costs;

(2) Mental anguish to be decided by the trier of facts;

(3) Expert fees; and

(4) Judgment awarding all other reliefs to which the Court deems Plaintiff is entitled.

### III.
### PARTIES

3. Plaintiff AN QUOC VO is an individual residing in Harris County.

4. Defendant THE LUBRIZOL CORPORATION (hereafter referred to as "Lubrizol") is a corporation doing business in the State of Texas in Harris County, Texas. It has a branch located at 41 Tidal Rd, Deer Park, Texas 77536. It may be served with process via its registered agent, C T CORPORATION SYSTEM, at 1999 Bryan St., Ste. 900, Dallas, Texas, 75201-3136, USA.

## IV.
## JURISDICTION

5. This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## V.
## VENUE

6. Venue is proper in Harris County, Texas, because Defendant conducts business in Harris County, Texas.

7. Venue is proper in Harris County, Texas, because Defendant's wrongful acts occurred in Texas.

## VI.
## RELEVANT FACTS

8. Plaintiff AN QUOC VO was initially a contractor and then later a permanent employee who began working for LUBRIZOL on June 1, 2014. Plaintiff became permanent on October 9, 2015. Around 2018, Plaintiff became a shift trainer and performed shift 3 takeover until now.

**A.   Workplace Incidents involving THOMAS VINCENT**

9. First, Plaintiff received inappropriate text messages, nude pictures and nude video clips from Thomas Vincent. Plaintiff was shocked, embarrassed, and disgusted. Like many victims, Plaintiff did not dare to report these incidents, because she was too embarrassed to speak out and felt fearful about risking her job and putting her position in jeopardy, as she was threatened by her supervisor. Plaintiff was born and raised in Vietnam and has very modest, conservative values.

Discussing matters of sex is not at all appropriate. Plaintiff repeatedly told Thomas Vincent to stop, and that she is already a married mother with two children.

10. Despite Plaintiff's demands for Thomas Vincent to stop, they were ignored; and Thomas Vincent continued sending Plaintiff inappropriate text messages and more obscene pictures and videos.

### B. Workplace Incidents involving CASEY WILCOX

11. Plaintiff and Casey Wilcox had been experiencing some conflicts at work over how to accomplish the best results. As a result, their communication became strained. While Plaintiff could interact comfortably with other coworkers, conversations with Casey Wilcox had been challenging. Casey Wilcox spoke rapidly and often teased the Plaintiff with racial slurs. Plaintiff had tried to minimize interactions with Casey Wilcox, limiting their conversations to necessary moments, such as during shift changes. Plaintiff's supervisor was aware of this situation, as he and Plaintiff had discussed work and personnel matters to improve shift dynamics, but again, was advised that she "needed to shut-up" and to suppress the evidence. Plaintiff had shared feelings about interacting with Casey Wilcox.

12. Plaintiff thought she could keep all these incidents to herself until she learned from another employee named Logan Lanford of rumors about Plaintiff that he heard when he first began working for Lubrizol. Casey Wilcox had spread false rumors to Logan Lanford and other coworkers that Plaintiff had killed someone back in Vietnam and that was the reason she left Vietnam and how she got the nickname "little killer" at the company. Logan Lanford did not know who Plaintiff was, and had not even met her at that time, but he believed the entire story was true.

13. Casey Wilcox's story about Plaintiff was completely untrue and caused embarrassing and disparaging rumors about Plaintiff to spread around the workplace. Casey Wilcox's strong words

## C.    The Final Illegal Act

16.    In late September, 2023, the final straw that broke the camel's back occurred when another co-worker Brian Beasley texted Plaintiff and said, "You are very sexy," and made numerous sexual comments.

17.    Plaintiff reported this to Brenda Munn in HR on October 12, 2023.

18.    HR told Plaintiff to "hush" and to suppress the evidence of the violations if "she wants to keep her job." Plaintiff was threatened with termination.

19.    Plaintiff, in good faith, had sought help to ensure a good friendly environment to work in. Plaintiff loves her job and her family. Again, to cite the TIME magazine national news article, Plaintiff has asked for help from others with authority to "recognize that we need help, we need protection, and we need people in power to stand up for us."

## VII.
## PLAINTIFF'S CAUSES OF ACTION

### A.    *SABINE PILOT* CLAIM

20.    Plaintiff witnessed and experienced sexual harassment. However, when Plaintiff reported sexual harassment to HR, she was advised not to say anything. Plaintiff was illegally advised to suppress evidence, and to sign illegal documents. She was also threatened with termination. She also witnessed other workers and managers sexually harass other co-workers. This illegal act of HR and management in failing to follow procedures but instead to silence and threaten the victims was a violation of state law. Plaintiff refused to commit an illegal act by signing falsified documents to suppress evidence, affecting services or her pecuniary interest.

21.    Plaintiff repeats, realleges, and reincorporates all prior paragraphs as if set forth fully herein.

22.    Plaintiff has standing to bring this claim.

23. All conditions precedent to suit and to recovery have been performed.

24. In Texas, it is illegal for an employer to threaten an employee solely because she refused to commit a criminally illegal act (*i.e.*, suppressing evidence in this case) and to force her to sign documents affecting services. This exception to the at-will employee rule was set out by the Texas Supreme Court in *Sabine Pilot Svc., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), and the cause of action for such a claim is referred to as a *Sabine Pilot* claim. That is the claim Plaintiff brings here.

25. Texas Penal Code Section 32.46(a)(l) makes it a crime if a person, with intent to defraud or harm any person, by deception "causes another to sign or execute any document affecting property or services or the pecuniary interest of any person .... " 43. 18 U.S.C. § 1343, the federal wire fraud statute, provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

26. Despite the managers deliberately taking no action to properly report the sexual harassment, and pressuring Plaintiff to keep quiet and to sign documents to suppress evidence, Plaintiff refused to engage or participate in criminal activity, including *inter alia*, Texas Penal Code Sections 32.46(a)(l), 18 U.S.C. § 1343 - thus giving rise to a valid *Sabine Pilot* claim for mental anguish, punitive damages, interest, and costs. *See, e.g., Lisanti v. Dixon*, 147 S.W.3d 638 (Tex. App.-Dallas 2004, pet. denied) (affirming jury verdict in favor of plaintiff in a *Sabine Pilot* case); *Ebasco Constructors, Inc. v. Rex*, 923 S.W.2d 694 (Tex.App.- Corpus Christi 1996, writ denied) (upholding jury verdict in employee's favor in a *Sabine Pilot* case).

27. Plaintiff normally earns approximately $150,000.00 per year.

28. As a result of the sexual harassment, and further being pressured to suppress the evidence under threat of termination, Plaintiff has suffered severe emotional distress, mental anguish, and suffered a miscarriage as a result.

29. As reflected by, *inter alia,* Defendant's illegal threat of termination was done with malice, spite, or reckless indifference, thus justifying the imposition of punitive damages.

30. Plaintiff demands a jury trial and tenders with the District Clerk of Harris County, Texas, the required jury fee.

31. In compliance with Texas Rule of Civil Procedure 47, Plaintiff states that she seeks monetary relief of $250,000.00 as actual damages and judgment for all the other relief to which she deems herself entitled. Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a. Pecuniary losses, consequential damages, and incidental damages;
   b. Damages for emotional distress and mental anguish;
   c. Exemplary, or punitive, damages in the amount of $2,000,000.00;
   d. Pre-judgment and post-judgment interest;
   e. All Court costs;
   f. Attorney's fees of at least $250,000.00;
   g. Post-judgment interest on the unpaid balance of Court costs and Attorney's fees at the highest rate allowed by law pursuant to the provisions of the Note and Texas law; and
   h. All other reliefs to which Plaintiff is entitled.

### B. COMMON LAW FRAUD

32. To prevail on a common law fraud claim, a plaintiff must prove that (1) the defendant made a material misrepresentation and the representation was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied on the representation, which caused injury. *Ernst & Young,*

*L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 781 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

## VIII.
## DAMAGES

33. As a result of Defendant's conduct detailed above, Plaintiff has incurred actual damages in the amount of $250,000.00.

## IX.
## EXEMPLARY DAMAGES

34. Plaintiff would show that Defendant committed *Sabine Pilot* violations and common law fraud and that Defendant, in committing such torts, was consciously indifferent to the interest of Plaintiff. Defendant was actually and subjectively aware of the extreme degree of risk and harm to Plaintiff's interests by their conduct yet proceeded with conscious indifference and reckless disregard toward the rights of Plaintiff. Accordingly, Plaintiff seeks an award for exemplary damages from Defendant in the amount of $2,000,000.00 as punishment for engaging in such conduct and as a deterrence to others.

## X.
## ATTORNEY'S FEES

35. In order to prosecute her claim against Defendant, Plaintiff has retained the undersigned attorneys and has agreed to pay their usual and customary fees. Plaintiff seeks all reasonable and necessary attorney's fees in the amount of $250,000.00 in this case, which include the following: (a) preparation and trial of this lawsuit; (b) post-trial, pre-trial legal services; (c) an appeal to the Court of Appeals; (d) making or responding to an application for writ of error to the Supreme Court of Texas; (e) an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and (f) post-judgment discovery and collection in the event the execution on the judgment is necessary.

# XI.
# REQUEST FOR INITIAL DISCLOSURE

36.     Pursuant to Texas Rule of Civil Procedure, Rule 194, Plaintiff requests initial disclosures from Defendant.

# XII.
# JURY DEMAND

37.     Plaintiff requests a trial by jury of the matters herein and tenders the appropriate fee.

# XIII.
# PRAYER

38.     For the reasons set forth above, Plaintiff respectfully requests that, upon trial on the merits, Plaintiff be granted judgment against Defendant for actual damages, special damages, and exemplary damages. Plaintiff requests pre-judgment and post-judgment interest at a rate allowed by the law until paid; reasonable and necessary attorney's fees in the amount of $250,000.00 and all the costs of court and expenses incurred by Plaintiff in the investigation and prosecution of this case; and any such further relief, at law or in equity, to which the Court deems Plaintiff to be justly entitled.

Respectfully submitted,

THE TAMMY TRAN LAW FIRM
By: /s/ Minh-Tam Tran
MINH-TAM TRAN
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place, #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
**COUNSEL FOR PLAINTIFF**