IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AN QUOC VO, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:24-cv-2459 | |
| § | | |
| THE LUBRIZOL CORPORATION, § | | |
| § | | |
| *Defendant.* § | | |

## PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL
## WITHOUT PREJUDICE

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff hereby dismisses the above-captioned action, in its entirety, without prejudice. Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required. *See Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir.1976); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (3d ed. 2014) ("Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the cases seem to make it clear that the notice is effective at the moment it is filed with the clerk.

It is merely a notice and not a motion, although a notice in the form of a motion is sufficient. No order of the court is required and the district judge may not impose conditions.")

Accordingly, the district court may not attach any conditions to the dismissal. In *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir.1976), the Fifth Circuit held:

> Rule 41(a)(1) permits a party to dismiss his or her action by notice where no answer or motion for summary judgment has been filed. This Court stated recently that Rule 41(a)(1) "means precisely what it says." *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 5 Cir. 1975, 506 F.2d 914. In that case, we held that a plaintiff is entitled as a matter of right to dismiss its complaint where no responsive pleading has been filed even though a hearing on a motion for injunctive relief had been held. We specifically refused to interpret Rule 41(a)(1) to preclude a voluntary dismissal "whenever the merits of the controversy have been presented to the court in any manner." *Id.* at 916.
>
> It is undisputed that the school board neither filed an answer to the complaint nor a motion for summary judgment before plaintiffs sought their voluntary dismissal. At the time plaintiffs filed their motion to dismiss the case was effectively terminated. The court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void. Likewise, except for determining appealability, the subsequent orders granting attorney's fees were a nullity.

*Id.* After the notice of voluntary dismissal is filed, the district court completely loses jurisdiction over the case. *See id.*

Dated: June 29, 2024

                                            Respectfully submitted,

                                            **THE TAMMY TRAN LAW FIRM**
                                            By: */s/ Minh-Tam Tran*
                                              MINH-TAM (TAMMY) TRAN
                                            Texas State Bar No. 20186400
                                            ttran@tt-lawfirm.com
                                            4900 Fournace Place, #418
                                            Bellaire, Texas 77401
                                            Telephone: (832) 372-4403
                                            www.tammytranlaw.net
                                            **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that, on June 29, 2024, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

Diana Pérez Gomez
State Bar No. 24041674
Federal I.D. No. 606231
1200 Smith Street, Suite 1400
Houston, Texas 77002
diana.gomez@chamberlainlaw.com

Leslie T. Tan
State Bar No. 24046998
Federal I.D. No. 635202
1200 Smith Street, Suite 1400
Houston, Texas 77002
leslie.tan@chamberlainlaw.com

                                                          */s/ Minh-Tam Tran*
                                                          MINH-TAM TRAN